IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARVENIA WATKINS, individually ]
and on behalf of herself and others ]
similarly situated, ]
 ]
      Plaintiff, ]
 ]
vs. ]   CIVIL ACTION NO. 97-G-893-S
 ]
CHASE MANHATTAN MORTGAGE ]
CORPORATION, ]
 ]
      Defendant. ]

## MEMORANDUM OF OPINION

On May 21, 1997, the magistrate judge entered a report and recommendation in which it was recommended that this action be remanded to the Circuit Court of Jefferson County, Alabama. The defendant, Chase Manhattan Mortgage Corporation, has filed objections to the report and recommendation. The court accepts and adopts the findings and conclusions stated in the report and recommendation, and makes the following additional statements.

In support of its objections, Chase Manhattan argues that the amount in controversy was satisfied in this case for three separate reasons: 1) the plaintiff's claims for unjust enrichment are "common and undivided," and must be aggregated for purposes of satisfying the amount in controversy; 2) Chase's cost of complying with an order requiring disgorgement of profits will exceed the jurisdictional amount; and 3) an award of attorney's fees under Alabama's common fund doctrine satisfies the amount in controversy because the fees are a common and undivided claim belonging to the class or should be attributed to the claims of the named plaintiff.

The defendant first argues that the magistrate judge's rejection of its argument that the plaintiff's claims for unjust enrichment are "common and undivided," and must be aggregated for purposes of satisfying the amount in controversy was incorrect. In rejecting that argument, the magistrate judge relied on the opinion of United States District Judge Edwin L. Nelson in *Henry v. Homeside Lending, Inc.*, CV-96-N-2445-S, in which Judge Nelson found the following with respect to the identical issue:

> Claims in Alabama for unjust enrichment, or money had and received, are founded upon the equitable principle that no one should be permitted to retain money which rightly belongs to another. *Birmingham Broadcasting Co. v. Bell*, 259 Ala. 656, 68 So. 2d 314 (1953). Under the facts alleged in this case, the measure of any restitution that might be ordered is the amount by which the defendant has been unjustly enriched with fees it unlawfully charged the individual members of the putative class. The persons who will be entitled to be restored to their rightful status will be the same individual members of the class. Moreover, the measure for restitution and the measure of damages under the breach of contract claim will be identical. What is presented here is a series of many individual claims for very small amounts of money. They cannot, in these circumstances, be aggregated to reach the required jurisdictional amount.[1]

The magistrate judge then concluded that, as in *Henry,* the plaintiffs' claims for damages for unjust enrichment in this case cannot be aggregated to reach the required jurisdictional amount.

The defendant argues that the *Henry* decision was based on the "mistaken legal conclusion that the measure of restitution and the measure of damages under the breach of contract claim would be 'identical.'" The defendant states that under Alabama law, the measure of restitution is not the same as the measure of damages for breach of contract. The defendant adds that damages for breach of contract are measured by what the plaintiff actually lost, while restitution for unjust

---

[1] Judge Nelson noted that he was unpersuaded that the Eleventh Circuit's decision in *Tapscott* requires, or even permits, aggregation of the individual plaintiffs' claims for restitution.

enrichment is measured by the defendant's gain, without any consideration of the plaintiff's loss. The defendant further argues that the amount in controversy is met because Chase's cost of complying with an order requiring disgorgement of profits will exceed the jurisdictional amount and an award of attorney's fees under Alabama's common fund doctrine satisfies the amount in controversy because the fees are a common and undivided claim belonging to the class or should be attributed to the claims of the named plaintiff. The defendant relies on *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996). *Tapscott* held that, under the facts before it, punitive damages in a class action are to be aggregated, because their purpose is to punish a defendant for a wrongful course of conduct; the failure of one plaintiff's claim would simply increase the share of the successful plaintiffs. *Id.* at 1358-59.

This court recognizes the legal proposition that unjust enrichment claims can be different from and encompass more than the damages suffered by a plaintiff. In this particular case, however, although the term "unjust enrichment" is used in the plaintiff's complaint, the plaintiff has not alleged, and the defendant has not stated, any distinction between the monetary loss suffered by the plaintiff and putative plaintiffs and the unjust enrichment of the defendant.[2] As to attorney's fees and the costs to the defendant of a plaintiff victory, *Tapscott* did not address the question of whether they should be aggregated. It is noted that the seeking of attorney's fees is not a claim against the defendant, but such fees, if awarded, will come out of the plaintiff's recovery.[3] With respect to the defendant's costs, if that is something different from restitution or

---

[2] The individual claims in this case are extremely small; they involve "fax fees" of $25.00.

[3] The United States District Court for the Southern District of Alabama has held that although there is an exception to the non-aggregation rule where the plaintiffs' claims are to be satisfied from a common fund, the common fund theory does not apply if each class member's claim is based on a separate and independent contract. *Glenn v.*

unjust enrichment, it seems that such is not the proper inquiry in a determination of whether the jurisdictional minimum has been met.[4]

The court is also mindful of the long-standing principle against the aggregation of claims in order to meet the jurisdictional minimum. *Snyder v. Harris*, 394 U.S. 332 (1969).[5] The court further notes that removal statutes are to be construed narrowly, and that remand should be ordered where federal jurisdiction is not absolutely clear. *Giddens v. Hometown Financial Services*, 938 F. Supp. 801, 802-3 (1996).

Wherefore, the plaintiff's motion to remand is due to be granted. An appropriate order will be entered.

DONE this 28th day of July, 1997.

J. FOY GUIN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

*Fidelity Financial Services, Inc.*, No. 94-0858-CB-M, U. S. Dist. LEXIS 1835, *14 n.3 (S.D. Ala. February 1, 1996).

[4] The contentions the defendant is presently making were addressed by the court in *Glenn*. The *Glenn* court held that the claims in question could not be aggregated:
> In the removal petition, defendants aver that the amount in controversy exceeds $50,000 because plaintiffs (and class members) have a common and undivided interest in their claim for punitive damages and attorneys' fees and because plaintiffs' request for equitable relief, if granted, would cause a loss to each defendant of more than $50,000. Neither of these is sufficient to sustain jurisdiction."

*Glenn*, U. S. Dist. LEXIS 1835 at *13-14 (footnote omitted). *Glenn*, decided just before *Tapscott*, cited other cases holding the same.

[5] Any award of attorney's fees will be based upon the success of individual claims.